### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

GEORGE E. OLSON,                    :
  Plaintiff,                      :
                                      :
v.                                  :    Civil No. 3:05CV01439(AVC)
                                      :
CHASE MANHATTAN BANK,                :
  Defendant.                      :

### RULING ON THE PLAINTIFF'S MOTION TO DISMISS

This is an action for damages, injunctive relief, and attorneys' fees brought pursuant to the Truth in Leading Act, 15 U.S.C. § 1601 et seq.  The plaintiff, George E. Olson, alleges that he notified the defendant, Chase Manhattan Bank ("Chase"), of a billing error related to his Chase credit card account, and that Chase subsequently failed to fulfill its statutory obligations upon receiving such notice.  Chase filed a timely answer, which included a counterclaim alleging that Olson breached his contract with Chase, and as such owes Chase the balance of his credit card account, as well as interest, fees, and costs.

Olson now moves to dismiss the action pursuant to Fed. R. Civ. Pro. 41(a)(2).  The issue presented is whether Olson may dismiss this action after Chase has answered and filed a counterclaim.

Without an accompanying memoranda of law, Olson filed the within motion, simply asserting that he is "unwilling to pursue this matter. . . ."

Chase responds that the court should not dismiss the case because doing so would "cause [the] defendant legal prejudice" and further would deny Chase the opportunity to expose Olson's "fraudulent scheme to attempt to create statutory damages. . . ."

Where a defendant has served an answer, a plaintiff can voluntarily dismiss his complaint only with the assent of the defendant, or the court.  Fed. R. Civ. Pro. 41(a).  Moreover, where a defendant has not only answered, but pleaded a counterclaim, "the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."  Fed. R. Civ. Pro. 41(a)(2).

The Second Circuit has identified two lines of authority with respect to the circumstances under which a dismissal might be improper where a plaintiff files a motion under Rule 41(a)(2).  Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006).  The first series of cases indicates that when ruling on such motions, the court should consider various factors, including: 1) the plaintiff's diligence in bringing the motion; 2) any undue "vexatiousness" on the plaintiff's part; 3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; 4) the duplicative expense of bringing a second action; and 5) the adequacy of the plaintiff's explanation for the need to dismiss the case.  Camilli v. Grimes,

436 F.3d 120, 123 (2d Cir. 2006) (citations omitted).  These considerations are known as the Zagano factors.  See Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir. 1990).

The other line of cases indicates that a dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (quoting Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947).  For example, the "usual ground for denying a [plaintiff the right to dismiss his complaint]. . . is that the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action."  Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (quoting In re Skinner & Eddy Corp, 265 U.S. 86, 93-94 (1924)).

Having considered both lines of cases, the court declines to dismiss this action.  First, with respect to the Zagano factors under the former line of cases, the court notes that Olson was not particularly diligent in filing the within motion, waiting more than a year after initiating this case.  Further, Olson failed to ensure that the motion was accompanied by a memoranda of law, as required by local rule.  D. Conn. L. Civ. R. 7(a)(1). Second, Olson's conduct during the course of this litigation can be fairly characterized as vexatious, as he has failed on more

3

than one occasion to comply with this court's orders, and as a
result has been subject to sanctions.  Third, for its part, Chase
has been expending time and resources defending itself and
pursuing its counterclaim.  Fourth, some of these efforts will
have to be duplicated if Chase must file a separate action to
pursue its cause of action against Olson.  Finally, Olson offers
no explanation as to why the case should be dismissed.  In light
of these factors, the court concludes that Olson is not entitled
to relief.

Similarly, the court concludes that Olson is not entitled to
a dismissal of the action under the latter line of cases.  Chase
has filed a timely counterclaim which it correctly characterizes
as "inextricably linked" to the allegations in the complaint.
Further, Chase has represented to the court that after more than
a year of litigation, it is ready and eager to "resolve its
counterclaim and its defense to the plaintiff's claims."  Under
these circumstances, as well as the factors previously
considered, to dismiss the action now would prejudice Chase in
its claim against Olson.  Accordingly, the motion to dismiss
(document no. 19) is DENIED.

It is so ordered this 25th day of January, 2007, at
Hartford, Connecticut.

/s/

_____
Alfred V. Covello
United States District Judge

4